UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DARLAYNA RUFF, ) CASE NO. C08-0531-MJP
)
    Plaintiff, )
)
    v. )
) ORDER OF REMAND
MICHAEL J. ASTRUE, )
Commissioner of Social Security, )
)
    Defendant. )
)

The Court has reviewed the entire record, including the Administrative Record, the memoranda of the parties, and the Report and Recommendation of United States Magistrate Judge Mary Alice Theiler. It is therefore ORDERED:

(1) The Court adopts the Report and Recommendation (Dkt. No. 14);

(2) The Court has received and reviewed Defendant's objections to Magistrate Judge Theiler's Report and Recommendation. (Dkt. No. 15.) Defendant claims that the ALJ's residual functional capacity assessment did account for Plaintiff's moderate difficulties in concentration, persistence, and pace because the ALJ incorporated Dr. Fisher's language into the hypothetical posed to the VE. (Id. at 2.) Defendant quotes Dr. Fisher's conclusion that Plaintiff could carry out "routine simple instructions with reasonable consistency." (Id.

ORDER OF REMAND
PAGE -1

(citing Tr. 259)) Defendant fails to cite the subordinate clause that follows that conclusion: ". . . if she is not inhibited by DAA (sic) effects." (Tr. 259.) This matter is therefore distinguishable from <u>Stubbs-Danielson</u> where the ALJ posed a hypothetical based on the "only concrete restrictions" presented by the physician's report. <u>Stubbs-Danielson v. Astrue</u>, 539 F.3d 1169, 1174 (9th Cir.2008). The Court agrees with Magistrate Judge Theiler that the ALJ did not provide an explanation for omitting Plaintiff's concentration, persistence, and pace limitations. (Dkt. No. 14 at 7-8.)

(3) The Court REMANDS this matter for further administrative proceedings; and

(4) The Clerk shall direct copies of this Order to all counsel and to Judge Theiler.

DATED this 20th day of April, 2009.

_____
Marsha J. Pechman
United States District Judge